# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES FRANK | CIVIL ACTION NO. 05-1405 |
| VS. | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED.**

*Background*

Born on January 21, 1953, James Frank ("Frank") is a 53-year-old claimant who completed the third grade despite failing "many" times. (Tr. 455-56). Frank has worked in the past as a machine operator. (Tr. 17).

Frank filed an application for supplemental security income on September 25, 2001, alleging disability as of September 11, 2001 due to vision problems, diabetes, high blood pressure, gout, left shoulder pains, sinus problems, bronchitis, asthma, low back pain, and pain in both knees. His application was denied initially by an ALJ on January 27, 2004. (Tr. 50-59). A request for review was granted by the Appeals Council, and by order dated March 12, 2004, Frank's case was remanded to the ALJ for a supplemental hearing to further evaluate the effect of Frank's stuttering on his speech and communication skills, and, ultimately, his ability to work. (Tr. 63-65). On June 2, 2004, a remand hearing was held, but before the ALJ could render a decision, the case was transferred to another ALJ. A third hearing was then held on January 3,

2005 before a different ALJ, who issued an unfavorable decision on January 25, 2005. (Tr. 13-26). The Appeals Council denied review, (Tr. 7-10), making the ALJ's decision the final decision of the Commissioner from which Frank now appeals.

### *Assignment of Errors*

Frank raises one error on appeal, namely, that the ALJ erred in finding that he has a "marginal" education, and as a result, applied the incorrect Medical-Vocational Guideline in concluding that Frank is not disabled.

### *Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen , 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

*Analysis*

In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2. A person who does not have a "severe impairment" will not be found to be disabled.

3. A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If a person can still perform his past work, he is not disabled.

5. If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

In the instant case, the ALJ determined at Step 5 that Frank suffers from a combination of severe impairments, including lumbrosacral pain, diabetes, hypertension, left shoulder pain, bronchitis, asthma, loss of voice, and vision problems, but that he nevertheless retains the residual functional capacity to perform a significant range of light work. (Tr. 24-25).

After careful consideration of the record, the undersigned concludes that the ALJ's decision is not supported by substantial evidence.

**Illiteracy**

Frank has a history of medical impairments, including lumbrosacral pain, diabetes, hypertension, left shoulder pain, bronchitis, asthma, loss of voice, and vision problems. The parties do not dispute the ALJ's examination of the medical evidence. Rather, the focus of

Frank's appeal is whether he is properly considered to have a "marginal education" or is illiterate. This is a pivotal question in this case, because one classification directs a finding of "disabled" and the other of "not-disabled" under the Medical-Vocational Guidelines.

At the administrative hearing, Frank testified that he had a third-grade education, is unable to read, can make change, and can barely write his name. (Tr. 435). The record shows that although the ALJ noted this testimony in his opinion, he did not accord much consideration to the issue of Frank's educational level. (Tr. 21).

The Regulations define illiteracy as "the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. §404.1564(b)(1) (emphasis added). *See also* Albritton v. Sullivan, 889 F.2d 640, 642 (5th Cir. 1989).

The Regulations define "marginal education" as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. §404.1564(b)(2). Furthermore, the Regulations state that ". . . the numerical grade level that you completed in school may not represent your actual educational abilities...." 20 C.F.R. §404.1564(b); see also Albritton v. Sullivan, 889 F.2d 640 (5th Cir. 1989).

The Sixth Circuit faced very similar facts in a case entitled Skinner v. Secretary of Health & Human Services, 902 F.2d 447, 450 (6th Cir. 1990). In Skinner, the claimant was fifty years old at the time of his administrative hearing. Skinner testified that he attended school full-time until age 12, when he was required to commence seasonal field work. 902 F.2d at 448.

Thereafter, he continued his education on a part-time basis until age 17. Id. Mr. Skinner testified that he could not read a newspaper; could sign his own name but required assistance when filling out the social security forms; had the written portion of his driver's license examination administered to him orally; had never held a job requiring reading or writing skills; and had limited mathematical skills, including difficulty making change. Id. Testing showed that Mr. Skinner read below the third grade level. Id. Despite the testimony of the vocational expert at the administrative hearing that a person who reads and writes on the third grade level is functionally illiterate, the ALJ determined that Mr. Skinner had a marginal education and was capable of performing a limited range of light work. Id. The Sixth Circuit disagreed, noting:

> The ALJ erroneously concluded that Skinner possesses a marginal education and, therefore, is not disabled. The record does not support the ALJ's characterization of Skinner's educational preparation. In fact, the record provides overwhelming evidence that Mr. Skinner is illiterate. Had the ALJ properly found Mr. Skinner illiterate, the Grids would have directed the ALJ to award Mr. Skinner benefits. 20 C.F.R. Part 404, Subpart P, App. 2, Table 2, Rule 202.09. . . .The record is replete with evidence that Mr. Skinner is illiterate. Mr. Skinner's WRAT results indicate that he reads below the third grade level, and his math computation skills place him in the first percentile of his age population. Based upon Mr. Skinner's WRAT results and a vocational analysis interview, Mr. Goldstein concluded that Mr. Skinner is functionally illiterate. Moreover, Dr. Carter agreed that a worker who reads and writes at or below the third grade level is functionally illiterate.

Id. at 450.

Like Mr. Skinner, Frank testified at his hearing that he did not attend school after the third grade, *when he was twelve or thirteen years old.* (Tr. 456). As Frank points out in his brief, the majority of students are eight or nine when in the 6th grade, suggesting that Frank failed several grades before he quit school. Frank testified that he cannot read at all, not even a short note or letter from a friend or relative; can only write his name; and cannot do much basic arithmetic but can make change "if it's not too much change." (Id.) Furthermore, the record

shows that SSA's own claims representative met with Mr. Frank to complete his SSA forms in connection with his disability application. The claims representative who prepared Frank's forms for him stated that Frank is "uneducated never lea[r]ning to read or write other than his name." (Tr. 187). The representative also noted that Frank's speech is impaired by a stutter. (Id.).

In concluding that Frank has a "marginal education," the ALJ relied in part on the fact that Frank's past work as a machine operator/hammer press operator was semi-skilled. While the VE who testified at Frank's third hearing did indeed classify this job as semi-skilled, (Tr. 531), Frank's "Work History Form" shows that Frank "carried iron for 8 hours 8 ft. away." (Tr. 123). At his second hearing, Frank testified that, in that job, he was required to stand "all day long," lift and carry iron (around 100 lbs.) "sometimes," that he did not do any repair work or maintenance on the machine, and that he did not fill out any paperwork, logs, or reports of any kind. (Tr. 487-88, 519). The record is therefore clear that Frank's position as a machine operator did not require significant amounts of paperwork or other supervisory work that requires reading and/or writing skills, but rather was a manual-labor position that permitted on-the-job training.

Finally, the vocational expert who testified at Frank's third hearing stated that any hypothetical job for a hypothetical claimant of Frank's age and education should be assessed on a the basis of unskilled work, given the fact that Frank has a third grade education and is "illiterate." (Tr. 532).

Considering the foregoing, the undersigned concludes that the ALJ's determination that Frank has a marginal education is not supported by the evidence in the record. To the contrary, the record is replete with evidence that Frank is functionally illiterate. As such, the ALJ should

have consulted Grid Rule 202.09, which directs a finding of disability for an individual who is approaching advanced age[1] and has past work experience in unskilled labor. 20 C.F.R. Pt. 220, App. 2.

*Conclusion*

Considering the foregoing, it is recommend that the Commissioner's decision be **REVERSED**, and that Frank should be found disabled as of his fiftieth birthday on January 21, 2003.

Any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA). See, <u>Richard v. Sullivan</u>, 955 F.2d 354 (5th Cir. 1992) and <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[1] Frank turned 50 years old on January 21, 2003. The Regulations define a 50-year old individual as one "closely approaching advanced age." 20 C.F.R. §404.1563(d). From the date of his application for benefits on September 25, 2001 through the date he turned fifty on January 21, 2003, Grid Rule 202.16 directs a finding that Frank is not disabled despite his illiteracy.

**conclusions accepted by the District Court, except upon grounds of plain error. See**

**<u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

    Signed in chambers on July 18, 2006.

                                      *[signature]*

                            Mildred E. Methvin
                            United States Magistrate Judge
                            800 Lafayette St., Suite 3500
                            Lafayette, Louisiana 70501
                            (337) 593-5140 (phone) 593-5155 (fax)